IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARC A. MANZO,                         §
        ID # 42139-044,                §
               Plaintiff,              §
                                       §
v.                                     §          No. 3:23-CV-2449-D-BW
                                       §
FEDERAL BUREAU OF                      §
PRISONS, et al.,                       §
               Defendants.             §          Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. No. 3) and response to

Magistrate Judge's Questionnaire ("MJQ").  (Dkt. Nos. 8 & 9.)  Based on the

relevant filings and applicable law, the Court should **DISMISS** the complaint with

prejudice.

## I.  BACKGROUND

Manzo, an inmate at FCI Seagoville, filed this action against the Federal

Bureau of Prisons ("BOP"), Officer Johnson, Officer Valencia, and an unknown staff

member(s).  He alleges that Johnson and Valencia placed him in a cell with another

inmate who was refusing to take his psychiatric medication and was known to be

violent towards other inmates.  Unknown staff member(s) were responsible for

housing assignments at the time Manzo was moved.  The BOP failed to adopt

---

[1] By Special Order No. 3-251, this pro se case has been referred for judicial screening.
By Special Order No. 3-354, this case was transferred and reassigned to the undersigned on
August 23, 2024.  (*See* Dkt. No. 17.)

adequate policies to evaluate violent inmates and protect inmates like Manzo.  (Dkt. No. 3.)  In response to the MJQ, Manzo stated that he wished to substitute Warden Rivers in the place of BOP as defendant.  (Dkt. No. 8, Question 4.)  He also clarified that there is a policy regarding separation of violent inmates and that Johnson and Valencia failed to follow that policy.  (*Id.*, Question 7.)  And, he admitted that he did not suffer any physical injury as a result of being housed with the allegedly violent inmate.  (*Id.*, Question 8.)

## II.  PRELIMINARY SCREENING

Manzo is a prisoner who has been permitted to proceed in forma pauperis ("IFP") in this action.  (*See* Dkt. No. 5.)  As a prisoner seeking redress from a governmental entity or officer or employee, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding IFP, his complaint also is subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere "labels and conclusions"

2

and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555.

### III. BIVENS

Manzo sues for alleged violation of his constitutional right to be protected from cruel and unusual punishment under the Eighth Amendment. To the extent an inmate may pursue a claim for violation of constitutional rights under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 288 (1971), such claims are limited to the three factual scenarios the United States Supreme Court has identified as proper under *Bivens*. *See Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (describing the three scenarios as (1) manacling the plaintiff in front of his family in his home and strip-searching him, (2) discrimination on the basis of sex by a congressman against a staff member, and (3) failure to provide medical attention to an asthmatic prisoner in federal custody). Because the facts alleged by Manzo present a new *Bivens* context, the Court cannot recognize a *Bivens* remedy. *Olivia*, 973 F.3d at 442–44; *Looper v. Jones*, No. 22-40579, 2023 WL 5814910, at *2 (5th Cir. Sept. 8, 2023) (unpublished) (failure to protect from attack of cellmate would be a new *Bivens* context).

### IV. INJURY

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), bars a prisoner plaintiff from recovering compensatory damages absent a showing of physical injury. Here, Manzo admits that he did not suffer such an injury. He may not recover for alleged mental or emotional injury.

Although the PLRA does not bar nominal or punitive damages in the absence of physical injury, *see Hutchins v. McDaniels*, 512 F. F.3d 193, 197–98 (5th Cir. 2007), as noted, Manzo cannot pursue a claim under *Bivens* for which such damages could be recovered.

## V.  LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal.  *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).   Leave to amend is not necessary, however, when the plaintiff has already pled his best case.  *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).  A verified questionnaire response allows a plaintiff to plead his best case and is a valid way for a pro se plaintiff to amend his complaint.  *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) ("Contrary to [the plaintiff's] argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").  Because Manzo has already responded to an MJQ and amended his complaint to clarify his claims, he has pled his best case, and further leave to amend is not warranted.

## VI.  RECOMMENDATION

The Court should **DISMISS** Plaintiff's Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief

may be granted.  In addition, the Court should deny Manzo's motion for injunctive relief as unnecessary.

      **SO RECOMMENDED** on October 1, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).